Martin, J.
The sole question here relates to the interpretation of the contract of acceptance. Does it contain an implied warranty that Richey was the owner of the note ? This question would properly have arisen on demurrer to either of the pleadings, and is here presented on the exceptions to the charges given and refused. It is conceded that when Richey, as agent of Mrs. Davenport, left the note with Follett for collection, he thereby became entitled to direct a delivery of the proceeds of the collection, or to receive them himself, subject to the superior righkof Mrs. Davenport to be exercised at any time before the proceeds are delivered by the attorney.
The order given by Richey is valid. It simply directs the attorney to deliver the proceeds of the collection to Keys & Co. No particular purpose is expressed. It carried with it implied notice that it was revocable by the true owner; and it did not appear to be irrevocable by Richey whether owner or not, as its terms do not import á sale or *539 transfer, and more appropriately consist with the idea of a bailment to the bank for the true owner. Follett accepted the order in the name of the firm, subscribing its signature to the word “ accepted.” This was an act of mere convenience to Keys & Co., because their rights under the order were fixed by notice, and the written acceptance was merely superior evidence.
The right of Mrs. Davenport to rescind the direction and resume control of the claim is not disputed. Being an element of the contract to collect, it became a condition annexed by law to the order and its acceptance. By lawfully resuming custody of the claim Mrs. Davenport put it out of the power of the attorneys to collect it. No proceeds had been received and none could be. The bailment was ended, and the contingency on which they were to deliver did not and could not happen. In other words, the contract with Keys & Co., by its terms, was ended by the intervention of Mrs. Davenport, and there was no default by i'ollett. But the ground of action is not a default in delivery, but a breach of an alleged implied warranty of Richey’s ownership. This claim rests on the assumption that the order contains such a representation, and that the acceptance impliedly recognizes and repeats it. If an order to deliver be given by a client and owner it may be rescindable or not, as its terms or the facts may allow. If it is given, however, by the party who left it for collection and not by the owner, it is rescindable by the owner irrespective of its terms. But in either case an acceptance of the order is not an implied warranty of the collectibility of the claim, either as respects the solvency of the debtor or the title' of the client, because there are no words to that effect, and the act of acceptance is foreign to such purpose, being merely an act in conformity to his original employment. Hence, the most that can be claimed is that the acceptance recognized the right of the drawer to give the direction. And Richey’s right to do so is not disputed. Hence, there was no error m the charge, and the judgment must be affirmed.
*540 It may be proper to add that the elaborate argument on estoppel in pais, and the authorities cited are not in point. Keys supposed Richey was absolute owner; Follett knowing that Richey had the right to direct generally, and seeing that he had done so, supposed it was done for the owner. The supposition in either case was erroneous. Keys, at his peril, relied on the extraneous fact of Richey’s misrepresentation; whilst Follett, unadvised of Richey’s falsehood, safely relied on the natural import of the act of acceptance.
The claim amounts to this, that Follett is answerable for Richey’s extrinsic fraud, of which he had no knowledge. We are not aware of any principle of law or morals that sanctions that position.
If Follett had known of the misrepresentation, his acceptance without any explanation would have been a fraud, and prima fade actionable, which would probably operate as an estoppel in a suit on the supposed warranty, unless countervailed by contributory negligence.
It is enough, however, to say that such questions are not only not presented in .the record, but are, as we have seen, excluded by its admissions.

Judgment affirmed.